WILLIAMS, Judge.
The state appeals the trial court’s grant of a motion to set aside a judgment of bond forfeiture. We affirm.
FACTS
The defendant, Arthur Lee Washington, was charged by bill of information with four misdemeanor offenses that occurred on March 21,1992. The defendant was released from jail after George S. Kuntz, Jr., d/b/a Red-E-Bonds, posted an appearance bond of $6,951 on behalf of the defendant on March 26, 1992. Notice was sent by certified mail to the defendant informing him of his April 27, 1992 arraignment date. The notice was returned unclaimed. When the defendant failed to appear for arraignment, a bench warrant was issued and the bond was ordered forfeited. A judgment of bond forfeiture was signed on May 8, 1992.
Approximately three months later, in August 1992, the defendant’s probation officer informed the surety that defendant was incarcerated in Hunt Correctional Center for a parole violation. The defendant was subsequently transferred to Allen Correctional Center. When the surety learned of the defendant’s location, he notified the assistant district attorney and requested that a “hold” be placed on the defendant. The assistant district attorney refused to place a detainer on the defendant and informed the surety that he would have to physically produce the defendant.
On October 22, 1992, the surety filed a motion to set aside the judgment of bond forfeiture. During the hearing on the motion, the surety argued that the judgment should be set aside because he had located the defendant within the six-month period established by LSA-R.S. 15:85 but that he could not physically deliver the defendant because he was already incarcerated in another jurisdiction. The surety filed two affidavits into evidence to support his claim. One affidavit was executed by Mark Masters, the defendant’s probation offióer. Masters attested that he had arrested the defendant for a parole violation and delivered him to the custody of the Louisiana Department of Public Safety and Corrections. The other affidavit was executed by Mr. Terry Terrell, warden of the Allen Correctional Center. This affiant confirmed that the defendant was incarcerated in that institution.
LSA-C.Cr.P. Art. 338 provides in pertinent part:
A. A surety may surrender the defendant or the defendant may surrender himself, to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certificate signed by him and delivered to the surety. Thereafter, the surety shall not be responsible for the defendant.
B. If the defendant is surrendered to the officer charged with his detention at any time prior to forfeiture or within the time allowed by law for setting aside a judg *39 ment of forfeiture of the bail bond by a person other than the surety or the defendant, the surety may apply for and receive from the officer charged with the detention of the defendant a letter verifying that the defendant is incarcerated, but only after the surety verifies to the satisfaction of the officer charged with the detention of the defendant as to the identity of the defendant. Thereafter, the surety shall not be responsible for the defendant.
C. When a surety receives either a certificate of surrender provided for in Subsection (A) or a letter of verification as provided for in Subsection (B), the surety shall pay a fee of twenty-five dollars to the officer charged with the defendant’s detention for recalling the capias, accepting the surrender or verifying the incarceration, processing the paperwork, and giving the surety a certificate of surrender or a letter of verification of incarceration releasing him from his obligation under the defendant’s bond.
LSA-R.S. 15:85 A provides in pertinent part:
(3) Any judgment forfeiting an appearance bond rendered under the provisions of this Section shall, at any time within six months after mailing of notice, be set aside upon the surrender or the appearance of the defendant.
DISCUSSION
The state argues that notice to the district attorney by the filing of a suit is not a surrender to the sheriff. It contends the surety should have surrendered the defendant by having him transferred from the Allen Correctional Center to the Bossier Parish sheriff utilizing any one of the following methods: (1) causing a writ of habeas corpus to be issued directing that the defendant be brought to Bossier Parish; (2) using a subpoena to compel the defendant’s appearance and surrender; or (3) notifying the Bossier Parish sheriff of the defendant’s incarceration.
As noted above, LSA-R.S. 15:85 A(3) provides that a judgment of bond forfeiture may be set aside when the defendant is surrendered within six months after the notice of judgment of bond forfeiture has been mailed. LSA-C.Cr.P. Art. 338 A provides that a surety may surrender the defendant to “the officer charged with his detention.”
The surety contends he could not surrender the defendant to the Bossier Parish sheriff because the defendant was already in the state’s custody. The surety further asserts that the facts of this case are analogous to LSA-R.S. 15:87 B, which states that no judgment of bond forfeiture shall be rendered if it is shown to the satisfaction of the court that the principal in such bond is prevented from attending because he is being detained in a jail or in a penitentiary in another jurisdiction.
The ultimate purpose of bail is to deter the flight of the defendant, while allowing the defendant to be released pending trial or appeal. See, State v. Wheeler, 508 So.2d 1384 (La.1987). The surrender articles serve as an incentive for the surety to assist. in the recapture and appearance of the fugitive defendant.
Here, the purpose and intent of the surrender articles are realized. Based on the information gathered and submitted by the surety, the defendant can now be detained in prison and returned to answer to the instant charges when he completes the sentence he is now serving.
Although the defendant was not incarcerated at the time he was scheduled to appear for his arraignment, he was in the custody of the state within the six-month period contemplated by LSA-R.S. 15:85 A(3). The surety filed the motion to set aside the judgment of bond forfeiture, with evidence of defendant’s incarceration and location, within the six-month period granted by law. The trial court was satisfied upon the submission of this evidence that the defendant was in fact incarcerated in a Louisiana penal institution. Considering the fact that the defendant was incarcerated, the steps taken by the surety were adequate to accomplish a surrender of the defendant under the surrender articles. The trial court was correct in granting the surety’s motion to set aside the judgment of bond forfeiture.
*40 For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.